IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-HC-2025-D

| | | |
|---|---|---|
| CORNELIUS TUCKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES ATTORNEY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On March 3, 2008, Tucker, a federal inmate, filed a habeas petition pursuant to 28 U.S.C. § 2241. On May 30, 2008, the court dismissed petitioner's habeas petition because the claim raised—Tucker's challenge to Judge Boyle's decision in United States v. Tucker, No. 5:02-CR-235-BO, [D.E. 83] (E.D.N.C. Jan. 27, 2005) (order entering special verdict)—was decided in several previous cases. See Tucker v. United States Attorney, No. 5:08-HC-2025-D, [D.E. 3], at 1–2 (E.D.N.C. May 30, 2008) (order dismissing case) (collecting cases). On June 10, 2008, Tucker filed a motion to reconsider this court's judgment pursuant to Federal Rule of Civil Procedure 59(e).

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart, 396 F.3d at 555; Hutchison v. Staton, 994 F.2d 1076, 1081 (4th

Cir. 1993). Consequently, "[a] Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided." DeLong v. Thompson, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, No. 92-4000, 1993 WL 24788 (4th Cir. Feb. 4, 1993) (unpublished). Further, it is not intended "to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). Therefore, to successfully persuade this court to alter or amend its judgment, Tucker must demonstrate that a recent change in the law, newly discovered evidence, or a clear error by this court merits such a change.

In this case, Tucker fails to specify any error in this court's judgment, but simply re-asserts the same arguments. Tucker re-states the claims made in his original petition and requests to be housed at the Federal Medical Center at Butner, North Carolina ("FMC-Butner"), rather than at Wake County Jail when he is released from state custody.[1] Tucker fails to demonstrate an intervening change in controlling law, to present new evidence previously not available, or to show a clear error of law that would support granting his Rule 59 motion. Tucker's motion to reconsider is DENIED.

SO ORDERED. This **22** day of September 2008.

JAMES C. DEVER III
United States District Judge

---

[1] According to the North Carolina Department of Correction Inmate Locator, Tucker was released on parole on July 7, 2008. See North Carolina Department of Correction, Public Access Information System, Offender Search, http://webapps6.doc.state.nc.us/apps/offender/search1 (records of "Tucker, Cornelius," DOC Number 0412703) (last visited Sept. 21, 2008). In addition, the Federal Bureau of Prisons Inmate Locator shows that plaintiff is now housed at FMC-Butner. See Federal Bureau of Prisons Inmate Locator, http://www.bop.gov/iloc2/LocateInmate.jsp (records of "Cornelius Tucker," Register Number 23165-056) (last visited Sept. 21, 2008).